LEVIN & ZEIGER LLP  ATTORNEYS FOR PLAINTIFF
123 SOUTH BROAD STREET
SUITE 1200
PHILADELPHIA, PA 19109
215-825-5183
GABRIEL Z. LEVIN
levin@levinzeiger.com
CAROLYN A. CASTAGNA
castagna@levinzeiger.com

---

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

MATTHEW GROARK
708 SEDGEWICK CT.
SEWELL, NJ 08028                             :  TRIAL BY JURY DEMANDED
                                             :  CIVIL ACTION
                                             :
              Plaintiff                      :  NO:
                                             :
        V.                                   :
                                             :
POLICE OFFICER FRANK TIMEK                   :
AGENCY & OFFICER ID 0102 0671                :
C/O ATLANTIC CITY POLICE DEPT.               :
2715 ATLANTIC AVENUE                         :
ATLANTIC CITY, NJ 08401                      :
                                             :
        &                                    :
                                             :
POLICE OFFICER STERLING WHEATEN              :
AGENCY & OFFICER ID 0102 0811                :
C/O ATLANTIC CITY POLICE DEPT.               :
2715 ATLANTIC AVENUE                         :
ATLANTIC CITY, NJ 08401                      :
                                             :
        &                                    :
                                             :
CITY OF ATLANTIC CITY                        :
1301 BACHARACH BLVD.                         :
ATLANTIC CITY, NJ 08401                      :

              Defendants

1

## CIVIL ACTION COMPLAINT
## <u>CIVIL RIGHTS</u>

Plaintiff Matthew Groark, by and through his undersigned attorneys, hereby alleges the following:

## **PARTIES**

1. Plaintiff, Matthew Groark, is an adult resident of Gloucester County, New Jersey, residing at 708 Sedgewick Ct, Sewell, NJ 08080.

2. Defendant Frank Timek, officer identification no. 0671, is an adult individual who at all times relevant to his action was employed as a police officer by the city of Atlantic City.

3. Defendant Sterling Wheaten, officer identification no. 0811, is an adult individual who at all times relevant to his action was employed as a police officer by the city of Atlantic City.

4. At all times relevant to this action, Defendants Timek and Wheaten were acting as employees of the city of Atlantic City and were acting under the color of their authority as police officers and under the color of state law.

5. Defendant Atlantic City is a municipal government entity and a corporation organized under the laws of the State of New Jersey.

6. At all times material hereto, the Defendant Atlantic City acted through its agents, servants, and/or employees, specifically the Atlantic City Police Department in the furtherance of its legislative mandate.

7. At all times material hereto, the police officers in question acted under the color of state law and within the course and scope of their employment, pursuant to the customs, policies, practices, ordinances, regulations, and directives of the city of Atlantic City, as delegated to the Atlantic City Police Department.

## JURISDICTION AND VENUE

8. Plaintiff alleges each and every allegation contained in the foregoing paragraphs of this Complaint and incorporates them herein by reference as if the same were set forth at length.

9. Plaintiff's claims arise under the United States Constitution and 42 U.S.C. § 1983 as well the New Jersey Constitution and New Jersey state law.

10. Jurisdiction of Plaintiff's federal claims are proper in this Court pursuant to 28 U.S.C. § 1331.

11. Plaintiff's state law claims arise out of the same controversy as the federal civil rights claims and are proper before this Court pursuant to the Court's supplemental jurisdiction under 28 U.S.C. § 1367.

12. Venue is proper pursuant to 28 U.S.C. § 1391(b).

## FACTUAL BACKGROUND

13. On Saturday August 7, 2010 Plaintiff was lawfully present inside the Dusk Night Club in Caesar's Casino, Atlantic City, New Jersey.

14. Plaintiff was at Dusk Night Club with his girlfriend, Kristin Nash.

15. Ms. Nash could not find her purse inside the club and told Plaintiff Groark that it was missing.

16. Ms. Nash approached the Defendants seeking help, while Plaintiff Groark approached the bar to see if it was turned into the staff.

17. Defendants pointed a flashlight directly into Ms. Nash's eyes and began flashing it on and off repeatedly.

3

18. Ms. Nash asked why Defendants were flashing the flashlight in her eyes and Defendants responded, "We work for the DJ; we can do whatever the fuck we want."

19. Ms. Nash returned to Plantiff Groark and told him what was said, and they approached the Defendants together.

20. Plaintiff Groark then asked the Defendants if there was anything they could do to help locate the missing bag.

21. Defendants told the Plaintiff and Ms. Nash that the missing bag was not their "fucking problem."

22. Defendants continued flashing the lights in Plaintiff Groark and Ms. Nash's faces. The Defendants flashlights were approximately 1 inch away from Plaintiff Groark and Ms. Nash's faces.

23. Plaintiff Groark and Ms. Nash were standing in close proximity directly in front of the Defendants due to the high volume level of the music.

24. Plaintiff Groark asked the Defendants, "Why are you doing this, we came to you for help. Are you serious with these flashlights?"

25. The Defendants became confrontational and told Plaintiff Groark to "back the fuck up."

26. Without provocation, the Defendants pushed Plaintiff Groark back and up a set of stairs, knocking Ms. Nash out of the way in the process.

27. Defendants then threw Plaintiff Groark down the stairs and onto the floor. Defendants punched the Plaintiff while he was on the ground. Defendants also kneed the Plaintiff repeatedly.

28. Plaintiff Groark, upon hitting the ground, was in a completely submissive position on his stomach, providing no resistance, while the Defendants continued to repeatedly punch and knee him. In the process club security formed a circle around them.

29. Ms. Nash yelled, "Please Stop! He did nothing wrong."

30. Two male club security employees held Ms. Nash back by the arms and another female security employee stood in front of her and told Ms. Nash if she didn't calm down and stop yelling she would be arrested as well.

31. Defendants then placed Plaintiff Groark under arrest and transported him to a local police station.

32. During the transportation Plaintiff Groark commented he was a school teacher and was told, "You'll never teach again."

33. Defendants locked Plaintiff Groark in a cell and detained him for approximately four hours with no offer of medical assistance.

34. In one instance, Defendant Timek opened the cell and said, "I'm not charging you with anything serious yet so play nice and you'll be out of here.  But if you want to go get a fancy lawyer than we can play ball."

35. In another instance, as Defendant Timek was walking past Ms. Nash in the lobby she asked, "Why did you do this, we did nothing wrong."

36. Ms. Nash was then told Plaintiff Groark was going to get off easy, unless she wanted to keep fucking crying and he could make it a lot worse.

37. Defendants charged Plaintiff Groark with  Obstructing administration of law or other governmental function (NJSA 2C:29-1(A)), Resisting Arrest (NJSA 2C:29-2(A)(3)), and Aggravated Assault (NJSA 2C:12-1B(1)).

38. In September of 2010 the aggravated assault charge was reduced to simple assault (NJSA 2C:12-1A(1)).

39. All three charges were dismissed by the Atlantic City Municipal Court for lack of

prosecution.

40. After being released from custody, Plaintiff Groark immediately went to the Emergency Department of the AtlantiCare Regional Medical Center.

41. At no time did Plaintiff commit any offense against the laws of New Jersey for which an arrest may be lawfully made.

42. There was not probable cause to arrest the Plaintiff.

43. Defendants committed the assaults against Plaintiff Groark without cause or justification.

44. The Defendants acted with intent, malice, and bad faith when they used excessive force to arrest the Plaintiff, falsely arrested him, wrongfully imprisoned him, and brought false charges against him.

45. As direct and proximate results of the actions of the Defendants, Plaintiff was arrested, detained, imprisoned, and subjected to excessive force, physical and verbal abuse, injuries and trauma without just or probable cause.

46. The Defendants' conduct and use of excessive force was knowing, intentional, and/or malicious and was calculated to inflict injury to the Plaintiff and was not intended to restrain Plaintiff or protect Plaintiff or others from harm.

47. Defendants conspired to assault, falsely arrest, and falsely imprison Plaintiff Groark.

48. Defendants conspired to inflict harm on the Plaintiff and deprive him of his federal and state constitutional rights and his civil rights.

49. Defendant police officers were improperly trained by the city of Atlantic City and its agents as to when it is appropriate to place a person under arrest.

50. Defendant Atlantic City, through its agents and employees, promulgated customs, policies, practices, ordinances, regulations, and directives that caused the false arrest of the Plaintiff.

51. Defendant police officers were improperly trained by the city of Atlantic City and its agents as to how it is appropriate to place a person under arrest, the amount of force permitted when there are no grounds to arrest an individual, and when it is appropriate and constitutional to use physical force.

52. Defendant Atlantic City, through its agents and employees, promulgated customs, policies, practices, ordinances, regulations, and directives that caused the use of excessive force against the Plaintiff.

53. Defendant Atlantic City has been deliberately indifferent to the violent propensities of its police officers, the individually named Defendant police officers in particular.

54. The aforementioned acts and conduct of the Defendants and/or the aforementioned conduct their employees and agents were a factual cause of the harm and damages sustained by the Plaintiff.

55. In the alternative, the aforementioned acts and conduct of the Defendants and/or the aforementioned conduct of their employees and agents was the direct and proximate cause of the harm and damages sustained by the Plaintiff.

56. The aforementioned acts and conduct of the Defendants and the aforementioned conduct of their employees and agents were a factual cause and the direct and proximate cause of at least the following harm and damages sustained by Plaintiff Groark:

   a. Injuries, dysfunctions, impairments, serious impairments of body or bodily functions, pain and trauma to various parts of the body and psyche, some or all of which are permanent including:
      - Physical injuries to various parts of the body;
      - Pain and suffering;
      - Trauma and emotional distress;

- Emotional injuries;
- Humiliation and embarrassment and
- Other injuries, the full extent of which is not yet known.

b. Loss or reduction of earnings and/or earning capacity and/or household services from the date of the injuries to the date of the trial of this case.

c. Medical expenses of Plaintiff related to or caused by the occurrence from the date of injury to the date of the trial of this case.

d. Medical expenses that Plaintiff will incur after the trial of this case until Plaintiff's death related to or caused by the occurrence.

e. Attorney Fees.

f. Incidental costs.

g. Loss of liberty.

57. Defendants' actions were wilful and outrageous. Their motives and conduct as set forth above were malicious, wanton, reckless, oppressive and so egregious as to shock contemporary conscience.

## COUNT I

## VIOLATION OF THE FOURTH AMENDMENT: EXCESSIVE USE OF FORCE

58. Plaintiff alleges each and every allegation contained in the foregoing paragraphs of this Complaint and incorporates them herein by reference as if the same were set forth at length.

59. Defendants' actions constituted excessive force against Plaintiff and violated Plaintiff's civil rights guaranteed by the Fourth and Fourteenth Amendments, for which redress is available under 42 U.S.C. § 1983.

60. Defendants' actions also violated the New Jersey State Constitution Article 1, Section 7.

61. Defendants did not have probable cause to arrest Plaintiff Groark and his arrest was an unreasonable seizure.

62. Under the circumstances detailed above, the Defendants used an amount of force that was excessive in order to effectuate the illegal arrest.

63. Defendants knew or should have known of the violation of Plaintiff's clearly established rights, and acted and failed to act so as to permit the violation of Plaintiff's rights intentionally and or recklessly and with deliberate indifference to those rights.

64. Defendants acted under the color of state law.

**WHEREFORE**, Plaintiff, pursuant to 42 U.S.C. §§ 1983, 1988, demands judgment against Defendants for such sums as would reasonably and properly compensate him for injuries in an amount in excess of two hundred and fifty thousand ($ 250,000.00) Dollars together with delay damages, interest, costs and attorneys' fees and punitive damages.

## COUNT II

## VIOLATION OF THE FOURTH AMENDMENT: FALSE ARREST

65. Plaintiff alleges each and every allegation contained in the foregoing paragraphs of this Complaint and incorporates them herein by reference as if the same were set forth at length.

66. The Defendants did not have a warrant to arrest Plaintiff Groark.

67. The Defendants did not have any probable cause to believe Plaintiff Groark committed a crime.

68. Plaintiff Groark did not commit a criminal offense on August 7, 2010.

69. The Plaintiff did not commit a criminal offense in the presence of the Defendants.

70. The Plaintiff did not take any actions in the presence of the officers that would lead a

reasonable police officer to believe a crime was being or had been committed.

71. No reasonable officer would have believed there was probable cause to arrest Plaintiff Groark.

72. The Defendants intentionally, maliciously, and falsely arrested the Plaintiff with reckless disregard for Plaintiff's Constitutional rights.

**WHEREFORE**, Plaintiff, pursuant to 42 U.S.C. §§ 1983, 1988, demands judgment against Defendants for such sums as would reasonably and properly compensate him for injuries in an amount in excess of two hundred and fifty thousand ($ 250,000.00) Dollars together with delay damages, interest, costs and attorneys' fees and punitive damages.

## COUNT III

### VIOLATION OF THE FOURTH AMENDMENT: <u>MALICIOUS PROSECUTION</u>

73. Plaintiff alleges each and every allegation contained in the foregoing paragraphs of this Complaint and incorporates them herein by reference as if the same were set forth at length.

74. Defendants Timek and Wheaten caused Plaintiff Groark to be charged with crimes he did not commit.

75. The criminal charges against Plaintiff Groark were withdrawn and the case terminated in his favour.

76. Defendants Timek and Wheaten initiated criminal charges against Plaintiff Groark without probable cause.

77. Defendants Timek and Wheaten knew no probable cause existed but intentionally and maliciously pursued false charges against Plaintiff Groark.

78. Defendants Timek and Wheaten caused Plaintiff Groark to be prosecuted for a purpose

other than seeking justice.

79. Defendants Timek and Wheaten made false assertions in their police reports of the incident in order to legitimize the false arrest of Plaintiff Groark and to support their intentional malicious prosecution of Plaintiff Groark.

80. As a direct result of Defendants' intentional and malicious conduct, Plainiff Groark was seized and held on false criminal charges and suffered associated deprivations of liberty.

**WHEREFORE**, Plaintiff, pursuant to 42 U.S.C. §§ 1983, 1988, demands judgment against Defendants for such sums as would reasonably and properly compensate him for injuries in an amount in excess of two hundred and fifty thousand ($ 250,000.00) Dollars together with delay damages, interest, costs and attorneys' fees and punitive damages.

## COUNT IV

### MUNICIPAL LIABILITY: CONSTITUTIONAL DEPRIVATIONS CAUSED BY INADEQUATE POLICIES, PROCEDURES, AND CUSTOMS

81. Plaintiff alleges each and every allegation contained in the foregoing paragraphs of this Complaint and incorporates them herein by reference as if the same were set forth at length.

82. Defendant Atlantic City, through its police department, established, knew of, and acquiesced to policies, procedures, and customs that Defendants knew or should have known would lead to a violation of New Jersey citizens' constitutional rights.

83. Defendant Atlantic City, through its police department, acted with deliberate indifference to the consequences when establishing and enforcing inadequate policies, procedures, and customs.

84. Defendant Atlantic City, through its police department, established inadequate policies, procedures, and customs relating to the stationing and conduct of its officers at Atlantic City

nightclubs.

85. Defendant Atlantic City, through its police department, established inadequate policies, procedures, and customs with regard to when an officer may effectuate an arrest, the amount of force permitted to effectuate that arrest, the grounds required to pursue criminal charges against an individual, and when an officer should seek medical treatment for an assault victim.

86. As a result of Defendant Atlantic City's inadequate policies, procedures, and customs, Defendants Timek and Wheaten made a false and unconstitutional arrest of Plaintiff Groark, and used excessive and unconstitutional force in that arrest.

87. As a result of Defendant Atlantic City's inadequate policies, procedures, and customs, Defendants Timek and Wheaten pursued false criminal charges against the Plaintiff, falsely imprisoned him, and failed to seek immediate medical attention for the Plaintiff.

**WHEREFORE**, Plaintiff, pursuant to 42 U.S.C. §§ 1983, 1988, demands judgment against Defendants for such sums as would reasonably and properly compensate him for injuries in an amount in excess of two hundred and fifty thousand ($ 250,000.00) Dollars together with delay damages, interest, costs and attorneys' fees and punitive damages.

## COUNT V

### LIABILITY UNDER MONELL: CONSTITUTIONAL DEPRIVATIONS CAUSED BY INADEQUATE TRAINING & SUPERVISION

88. Plaintiff alleges each and every allegation contained in the foregoing paragraphs of this Complaint and incorporates them herein by reference as if the same were set forth at length.

89. Defendant Atlantic City, through its police department, failed to properly train its police officers.

90. Defendant Atlantic City, through its police department, assigned Defendant officers Timek

and Wheaten to a nightclub without properly training the officers to deal with situations that would arise in that context.

91. Defendant Atlantic City, through its police department, failed to properly train Defendants Timek and Wheaten as to when an arrest is legal and constitutional.

92. Defendant Atlantic City, through its police department, failed to properly train Defendants Timek and Wheaten as to when force is appropriate to use and what the appropriate amount of force is.

93. Defendant Atlantic City, through its police department, failed to properly train Defendants Timek and Wheaten as to when the officers should seek immediate medical treatment for a citizen.

94. In deliberate indifference to Plaintiff's constitutional rights and personal safety, Defendant Atlantic City has been deliberately indifferent to the violent propensities of its police officers, the individually named Defendant police officers in particular.

95. In deliberate indifference to Plaintiff's constitutional rights and personal safety, Defendant Atlantic City has been deliberately indifferent to the violent propensities of its police officers, in particular failing to properly train and supervise officers stationed at Atlantic City nightclubs.

96. As a result of Defendant Atlantic City's inadequate training and supervision, Defendants Timek and Wheaten made a false and unconstitutional arrest of Plaintiff Groark, and used excessive and unconstitutional force in that arrest.

97. By virtue of the city of Atlantic City's deliberate indifference to the need for adequate training, supervision and control of its officers, the individually named Officers used malicious, reckless and indifferent violence against Plaintiff on the date in question.

**WHEREFORE**, Plaintiff, pursuant to 42 U.S.C. §§ 1983, 1988, demands judgment against

Defendants for such sums as would reasonably and properly compensate him for injuries in an amount in excess of two hundred and fifty thousand ($ 250,000.00) Dollars together with delay damages, interest, costs and attorneys' fees and punitive damages.

## COUNT VI

## ASSAULT & BATTERY UNDER NEW JERSEY STATE LAW

98. Plaintiff alleges each and every allegation contained in the foregoing paragraphs of this Complaint and incorporates them herein by reference as if the same were set forth at length.

99. The willful acts and conduct of the Defendant officers constitute assault and battery upon Plaintiff.

100. The assault and battery committed by the Defendants upon Plaintiff was unprovoked and in no manner whatsoever due to any act or failure to act on the part of Plaintiff.

101. As a direct and proximate result of the Defendants' willful actions Plaintiff sustained significant injuries, some or all of which may be permanent in nature. Plaintiff also makes a claim for such injuries, damages and consequences resulting from the assault and battery of which he has no present knowledge.

102. As a further result of the willful assault and battery caused by the Defendants, Plaintiff suffered and underwent great pain, was hindered from performing and transacting his usual affairs and business, was rendered unable to work at any place of employment for a period of time, and was forced to expend various sums of money in an effort to treat his injuries and may in the future be required to expend further sums of money in an effort to treat his injuries.

103. As a direct and proximate result of the Defendants' willful actions, Plaintiff was greatly inconvenienced, humiliated, and traumatized, some or all of which may result in permanent loss.

**WHEREFORE**, Plaintiff, pursuant to 42 U.S.C. §§ 1983, 1988, demands judgment against Defendants for such sums as would reasonably and properly compensate him for injuries in an amount in excess of two hundred and fifty thousand ($ 250,000.00) Dollars together with delay damages, interest, costs and attorneys' fees and punitive damages.

## COUNT VII
### FALSE IMPRISONMENT UNDER NEW JERSEY STATE LAW

104. Plaintiff alleges each and every allegation contained in the foregoing paragraphs of this Complaint and incorporates them herein by reference as if the same were set forth at length.

105. Defendants Timek and Wheaten willfully and falsely imprisoned Plaintiff, without any justification or cause, and against his will.

106. As a direct and proximate result of the Defendants' actions, Plaintiff was greatly inconvenienced, humiliated, and traumatized, some or all of which may result in permanent loss.

**WHEREFORE**, Plaintiff, pursuant to 42 U.S.C. §§ 1983, 1988, demands judgment against Defendants for such sums as would reasonably and properly compensate him for injuries in an amount in excess of two hundred and fifty thousand ($ 250,000.00) Dollars together with delay damages, interest, costs and attorneys' fees and punitive damages.

.

## COUNT VIII
### FALSE ARREST UNDER NEW JERSEY STATE LAW

107. Plaintiff alleges each and every allegation contained in the foregoing paragraphs of this Complaint and incorporates them herein by reference as if the same were set forth at length.

108. Defendants Timek and Wheaten willfully and falsely arrested Plaintiff, without any justification or cause, and against his will.

109. As a direct and proximate result of the Defendants' actions, Plaintiff was greatly inconvenienced, humiliated, and traumatized, some or all of which may result in permanent loss.

**WHEREFORE**, Plaintiff, pursuant to 42 U.S.C. §§ 1983, 1988, demands judgment against Defendants for such sums as would reasonably and properly compensate him for injuries in an amount in excess of two hundred and fifty thousand ($ 250,000.00) Dollars together with delay damages, interest, costs and attorneys' fees and punitive damages.

### COUNT IX

### MALICIOUS PROSECUTION UNDER NEW JERSEY STATE LAW

110. Plaintiff alleges each and every allegation contained in the foregoing paragraphs of this Complaint and incorporates them herein by reference as if the same were set forth at length.

111. Defendants arrested and charged Plaintiff without probable cause of any wrongdoing.

112. On information and belief, Plaintiff avers that Defendants fabricated allegations in their police reports to support the wrongful arrest and to support the false charges being pursued.

113. All charges were resolved in favor of the Plaintiff as each was withdrawn.

114. The actions and conduct of Defendants resulted in the malicious prosecution of Plaintiff.

115. As a direct and proximate result of the Defendants' actions, plaintiff suffered serious mental anguish, psychological and emotional distress, fear, anxiety, embarrassment, loss of liberty, confinement, and the loss of the enjoyment of life all to his great detriment and loss.

116. As a direct and proximate result of the aforementioned act and conduct of the defendants, plaintiff has incurred other financial expenses to which he may otherwise be entitled to recover.

**WHEREFORE**, Plaintiff, pursuant to 42 U.S.C. §§ 1983, 1988, demands judgment against

Defendants for such sums as would reasonably and properly compensate him for injuries in an amount in excess of two hundred and fifty thousand ($ 250,000.00) Dollars together with delay damages, interest, costs and attorneys' fees and punitive damages.

**WHEREFORE**, Plaintiff, pursuant to 42 U.S.C. §§ 1983, 1988, demands judgment against Defendants for such sums as would reasonably and properly compensate him for injuries in an amount in excess of two hundred and fifty thousand ($ 250,000.00) Dollars together with delay damages, interest, costs and attorneys' fees and punitive damages.

## JURY DEMAND

Plaintiff hereby demands a trial by jury as to each count and each Defendant.

Respectfully submitted,

_4/2/12_
DATE

_[signature]_
GABRIEL Z. LEVIN
NJ ID NO. 019732002
LEVIN & ZEIGER, LLP
123 S. BROAD STREET, SUITE 1200
PHILADELPHIA, PA 19109
215.825.5183
levin@levinzeiger.com

_[signature]_
CAROLYN A. CASTAGNA
NJ ID NO. 023982010
LEVIN & ZEIGER, LLP
123 S. BROAD STREET, SUITE 1200
PHILADELPHIA, PA 19109
215.825.5183
castagna@levinzeiger.com