Tracy L. Riley, Esquire
LAW OFFICES OF RILEY AND RILEY
100 High Street, Suite 302
Mount Holly, New Jersey 08060
(609) 914-0300
Attorney for Defendants City of Atlantic City,
Officer Frank Timek, and Officer Sterling Wheaten

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

_____

|  |  |
|---|---|
| MATTHEW GROARK | : |
| 708 SEDGEWICK CT. | : Civil Action No.: 1:12-cv-01984 (RBK/JS) |
| SEWELL, NJ 08028, | : |
|  | : **Civil Action** |
| Plaintiff | : |
|  | : ANSWER, SEPARATE AND AFFIRMATIVE |
| vs. | : DEFENSES, COUNTERCLAIM FOR ATTORNEY |
|  | : FEES, DEMAND FOR STATEMENT OF |
| POLICE OFFICER FRANK TIMEK | : DAMGES, JURY DEMAND, AND DESIGNATION |
| AGENCY & OFFICER ID 0102 0671 | : OF TRIAL COUNSEL ON BEHALF OF |
| C/O ATLANTIC CITY POLICE DEPT. | : DEFENDANTS CITY OF ATLANTIC CITY, |
| 2715 ATLANTIC AVENUE | : OFFICER FRANK TIMEK, AND OFFICER |
| ATLANTIC CITY, NJ 08401 | : STERLING WHEATEN |
|  | : |
| & | : |
|  | : |
| POLICE OFFICER STERLING WHEATEN | : |
| AGENCY & OFFICER ID 0102 0671 | : |
| C/O ATLANTIC CITY POLICE DEPT. | : |
| 2715 ATLANTIC AVENUE | : |
| ATLANTIC CITY, NJ 08401 | : |
|  | : |
| & | : |
|  | : |
| CITY OF ATLANTIC CITY | : |
| 1301 BACHARACH BLVD. | : |
| ATLANTIC CITY, NJ 08401, | : |
|  | : |
| Defendants | : |

_____

Defendants City of Atlantic City, Officer Frank Timek, and Officer Sterling Wheaten (hereinafter "Answering Defendants"), by and through their attorney, Tracy L. Riley, of the Law Offices of Riley & Riley, and by way of Answer to Plaintiff's Complaint, state as follows:

## CIVIL ACTION COMPLAINT
## CIVIL RIGHTS

### PARTIES

1. Answering Defendants have insufficient knowledge or information in which to respond to this allegation and leave Plaintiff to his proofs.

2. Admitted as to the employment of Defendant Frank Timek only. Answering Defendants have insufficient knowledge or information in which to respond to the remaining allegations of this paragraph and leave Plaintiff to his proofs.

3. Admitted as to the employment of Defendant Sterling Wheaten only. Answering Defendants have insufficient knowledge or information in which to respond to the remaining allegations of this paragraph and leave Plaintiff to his proofs.

4. Paragraph 4 contains legal conclusions, to which no response is required. To the extent that a response is required, the same must be denied and Plaintiff is left to his proofs.

5. Admitted.

6. Answering Defendants have insufficient knowledge or information in which to respond to this allegation and leave Plaintiff to his proofs.

7. Paragraph 7 contains legal conclusions, to which no response is required. To the extent that a response is required, the same must be denied and Plaintiff is left to his proofs.

**JURISDICTION AND VENUE**

8. Answering Defendants repeat and incorporate by reference each and every answer to each of the preceding paragraphs as if set forth at length herein.

9. Paragraph 9 contains legal conclusions, to which no response is required. To the extent that a response is required, the same must be denied and Plaintiff is left to his proofs.

10. Paragraph 10 contains legal conclusions, to which no response is required. To the extent that a response is required, the same must be denied and Plaintiff is left to his proofs.

11. Paragraph 11 contains legal conclusions, to which no response is required. To the extent that a response is required, the same must be denied and Plaintiff is left to his proofs.

12. Paragraph 12 contains legal conclusions, to which no response is required. To the extent that a response is required, the same must be denied and Plaintiff is left to his proofs.

**FACTUAL BACKGROUND**

13. Answering Defendants have insufficient knowledge or information in which to respond to this allegation and leave Plaintiff to his proofs.

14. Answering Defendants have insufficient knowledge or information in which to respond to this allegation and leave Plaintiff to his proofs.

15. Answering Defendants have insufficient knowledge or information in which to respond to this allegation and leave Plaintiff to his proofs.

16. Answering Defendants have insufficient knowledge or information in which to respond to this allegation and leave Plaintiff to his proofs.

17. Denied.

18. Denied.

19. Answering Defendants have insufficient knowledge or information in which to respond to this allegation and leave Plaintiff to his proofs.

20. Answering Defendants have insufficient knowledge or information in which to respond to this allegation and leave Plaintiff to his proofs.

21. Denied.

22. Denied in its entirety.

23. Answering Defendants have insufficient knowledge or information in which to respond to this allegation and leave Plaintiff to his proofs.

24. Denied.

25. Denied.

26. Denied.

27. Denied in its entirety.

28. Denied in its entirety.

29. Denied.

30. The allegations of this paragraphs are not directed toward Answering Defendants and, therefore, no answer is required; however, to the extent the allegations of these paragraphs are intended to inculpate Answering Defendants, either directly or indirectly, the same are denied and the Plaintiff is left to his proofs.

31. Admitted as to the arrest of Plaintiff only. Answering Defendants have insufficient knowledge or information in which to respond to the remaining allegations of this paragraph and leave Plaintiff to his proofs.

32. Denied.

33. Answering Defendants have insufficient knowledge or information in which to respond to this allegation and leave Plaintiff to his proofs.

34. Denied.

35. Answering Defendants have insufficient knowledge or information in which to respond to this allegation and leave Plaintiff to his proofs.

36. Denied.

37. Admitted.

38. Answering Defendants have insufficient knowledge or information in which to respond to this allegation and leave Plaintiff to his proofs.

39. Answering Defendants have insufficient knowledge or information in which to respond to this allegation and leave Plaintiff to his proofs.

40. Answering Defendants have insufficient knowledge or information in which to respond to this allegation and leave Plaintiff to his proofs.

41. Paragraph 41 contains legal conclusions, to which no response is required. To the extent that a response is required, the same must be denied and Plaintiff is left to his proofs.

42. Paragraph 42 contains legal conclusions, to which no response is required. To the extent that a response is required, the same must be denied and Plaintiff is left to his proofs.

43. Denied in its entirety.

44. Denied in its entirety.

45. Denied in its entirety.

46. Denied in its entirety.

47. Denied.

48. Denied.

49. Denied.

50. Denied.

51. Denied.

52. Denied.

53. Denied.

54. Denied.

55. Paragraph 55 contains legal conclusions, to which no response is required. To the extent that a response is required, the same must be denied and Plaintiff is left to his proofs.

56. The allegations contained in Paragraph 56 and all subparts are denied in their entirety.

57. Denied in its entirety.

## COUNT I

### VIOLATION OF THE FOURTH AMENDMENT: <u>EXCESSIVE USE OF FORCE</u>

58. Answering Defendants repeat and incorporate by reference each and every answer to each of the preceding paragraphs as if set forth at length herein.

59. Paragraph 59 contains legal conclusions, to which no response is required. To the extent that a response is required, the same must be denied and Plaintiff is left to his proofs.

60. Paragraph 60 contains legal conclusions, to which no response is required. To the extent that a response is required, the same must be denied and Plaintiff is left to his proofs.

61. Paragraph 61 contains legal conclusions, to which no response is required. To the extent that a response is required, the same must be denied and Plaintiff is left to his proofs.

62. Denied in its entirety.

63. Denied in its entirety.

64. Paragraph 64 contains legal conclusions, to which no response is required. To the extent that a response is required, the same must be denied and Plaintiff is left to his proofs.

**WHEREFORE**, Answering Defendants demand judgment dismissing the Plaintiff's Complaint with prejudice and for such further relief as the Court deems to be just and equitable, including, but not limited to, an award of counsel fees and costs.

## COUNT II

### VIOLATION OF THE FOURTH AMENDMENT
### FALSE ARREST

65. Answering Defendants repeat and incorporate by reference each and every answer to each of the preceding paragraphs as if set forth at length herein.

66. Answering Defendants have insufficient knowledge or information in which to respond to this allegation and leave Plaintiff to his proofs.

67. Paragraph 67 contains legal conclusions, to which no response is required. To the extent that a response is required, the same must be denied and Plaintiff is left to his proofs.

68. Denied.

69. Denied.

70. Denied.

71. Answering Defendants have insufficient knowledge or information in which to respond to this allegation as it relates to "no reasonable officer," and leave Plaintiff to his proofs.

72. Denied.

**WHEREFORE**, Answering Defendants demand judgment dismissing the Plaintiff's Complaint with prejudice and for such further relief as the Court deems to be just and equitable, including, but not limited to, an award of counsel fees and costs.

## COUNT III

### VIOLATION OF THE FOURTH AMENDMENT: MALICIOUS PROSECUTION

73. Answering Defendants repeat and incorporate by reference each and every answer to each of the preceding paragraphs as if set forth at length herein.

74. Denied.

75. Answering Defendants have insufficient knowledge or information in which to respond to this allegation and leave Plaintiff to his proofs.

76. Paragraph 76 contains legal conclusions, to which no response is required. To the extent that a response is required, the same must be denied and Plaintiff is left to his proofs.

77. Denied in its entirety.

78. Denied.

79. Denied.

80. Denied in its entirety.

**WHEREFORE**, Answering Defendants demand judgment dismissing the Plaintiff's Complaint with prejudice and for such further relief as the Court deems to be just and equitable, including, but not limited to, an award of counsel fees and costs.

## COUNT IV

### MUNICIPAL LIABILITY: CONSTITUTIONAL DEPRIVATIONS CAUSED BY INADEQUATE POLICIES, PROCEDURES, AND CUSTOMS

81. Answering Defendants repeat and incorporate by reference each and every answer to each of the preceding paragraphs as if set forth at length herein.

82. Denied.

83. Denied.

84. Denied.

85. Denied in its entirety.

86. Denied.

87. Denied in its entirety.

**WHEREFORE**, Answering Defendants demand judgment dismissing the Plaintiff's Complaint with prejudice and for such further relief as the Court deems to be just and equitable, including, but not limited to, an award of counsel fees and costs.

## COUNT V

### LIABILITY UNDER MONELL: CONSTITUTIONAL DEPRIVATIONS CAUSED BY INADEQUATE TRAINING & SUPERVISION

88.     Answering Defendants repeat and incorporate by reference each and every answer to each of the preceding paragraphs as if set forth at length herein.

89.     Denied.

90.     Denied.

91.     Denied.

92.     Denied.

93.     Denied.

94.     Denied.

95.     Denied.

96.     Denied.

97.     Denied.

**WHEREFORE**, Answering Defendants demand judgment dismissing the Plaintiff's Complaint with prejudice and for such further relief as the Court deems to be just and equitable, including, but not limited to, an award of counsel fees and costs.

## COUNT VI

### ASSAULT & BATTERY UNDER NEW JERSEY STATE LAW

98.     Answering Defendants repeat and incorporate by reference each and every answer to each of the preceding paragraphs as if set forth at length herein.

99.     Paragraph 99 contains legal conclusions, to which no response is required. To the extent that a response is required, the same must be denied and Plaintiff is left to his proofs.

100.   Denied in its entirety.

101.   Denied in its entirety.

102.   Denied.

103.   Answering Defendants have insufficient knowledge or information in which to respond to this allegation as it relates to "inconvenienced, humiliated, and traumatized", and leave Plaintiff to his proofs.

   **WHEREFORE**, Answering Defendants demand judgment dismissing the Plaintiff's Complaint with prejudice and for such further relief as the Court deems to be just and equitable, including, but not limited to, an award of counsel fees and costs.

## COUNT VII
## FALSE IMPRISONMENT UNDER NEW JERSEY STATE LAW

104.   Answering Defendants repeat and incorporate by reference each and every answer to each of the preceding paragraphs as if set forth at length herein.

105.   Denied.

106.   Answering Defendants have insufficient knowledge or information in which to respond to this allegation as it relates to "inconvenienced, humiliated, and traumatized", and leave Plaintiff to his proofs.

   **WHEREFORE**, Answering Defendants demand judgment dismissing the Plaintiff's Complaint with prejudice and for such further relief as the Court deems to be just and equitable, including, but not limited to, an award of counsel fees and costs.

## COUNT VIII
## FALSE ARREST UNDER NEW JERSEY STATE LAW

107.   Answering Defendants repeat and incorporate by reference each and every answer to each of the preceding paragraphs as if set forth at length herein.

108. Denied.

109. Answering Defendants have insufficient knowledge or information in which to respond to this allegation as it relates to "inconvenienced, humiliated, and traumatized", and leave Plaintiff to his proofs.

**WHEREFORE**, Answering Defendants demand judgment dismissing the Plaintiff's Complaint with prejudice and for such further relief as the Court deems to be just and equitable, including, but not limited to, an award of counsel fees and costs.

## COUNT IX
## MALICIOUS PROSECUTION UNDER NEW JERSEY STATE LAW

110. Answering Defendants repeat and incorporate by reference each and every answer to each of the preceding paragraphs as if set forth at length herein.

111. Denied.

112. Denied.

113. Answering Defendants have insufficient knowledge or information in which to respond to this allegation and leave Plaintiff to his proofs.

114. Denied.

115. Answering Defendants have insufficient knowledge or information in which to respond to this allegation as it relates to "serious mental anguish, psychological and emotional distress", and leave Plaintiff to his proofs.

116. Answering Defendants have insufficient knowledge or information in which to respond to this allegation and leave Plaintiff to his proofs.

**WHEREFORE**, Answering Defendants demand judgment dismissing the Plaintiff's Complaint with prejudice and for such further relief as the Court deems to be just and equitable, including, but not limited to, an award of counsel fees and costs.

## SEPARATE AND AFFIRMATIVE DEFENSES

1.  Plaintiff's Complaint fails to set forth a cause of action, and Defendants reserve the right to move to dismiss the Complaint on that ground.

2.  Answering Defendants did not breach any duty which may be owed, or which may have been owed, to the Plaintiff.

3.  Any injuries or damages sustained by the Plaintiff are the result of the act and/or acts of independent, intervening agencies or persons over which Answering Defendants had no power or control.

4.  This action is barred by reason of Statutory Immunity of Answering Defendants, and Answering Defendants reserve the right to move to dismiss Plaintiff's Complaint on that ground.

5.  Plaintiff's Complaint is barred by the provisions of the New Jersey Tort Claims Act.

6.  Answering Defendants are immune from liability pursuant to the provisions of N.J.S.A. 59:2-1, *et seq.*

7.  Answering Defendants assert the applicability of the provisions of N.J.S.A. 59:2-1 and N.J.S.A. 59:2-2 as to the immunities available to the public entity and/or the public employee.

8.  Answering Defendants are not liable to the Plaintiff in that there is no liability upon any public employees pursuant to the provisions of N.J.S.A. 59:2-2(b).

9.  Answering Defendants are immune from liability pursuant to the provisions of N.J.S.A. 59:3-1, *et seq.*

10. Answering Defendants assert the applicability of the provisions of N.J.S.A. 59:2-3 through N.J.S.A. 59:3-2 as to the absence of liability from the exercise of judgment or discretion.

11. Answering Defendants assert the applicability of the provisions of N.J.S.A. 59:8-3 through N.J.S.A. 59:8-7 regarding failure to provide adequate and timely notice of claim.

12. Answering Defendants assert the applicability of the provisions of N.J.S.A. 59:8-8 through N.J.S.A. 59:8-11 regarding failure to timely file a notice of claim as set forth therein.

13. Any recovery to which the Plaintiff might otherwise be entitled is subject to reduction in accordance with the judgments, damages, and interest provided in N.J.S.A. 59:9-2.

14. Answering Defendants assert the applicability of N.J.S.A. 59:9-3 and N.J.S.A. 59:9-4 regarding joint tortfeasors and the comparative negligence of the Plaintiff.

15. The claims of the Plaintiffs are barred or limited by reason of the New Jersey Joint and Several Liability Act (N.J.S.A. 2A:15-1, *et seq*.) and/or the New Jersey Comparative Negligence Act (N.J.S.A. 2A:53A-1, *et seq*.).

16. Answering Defendants did not act with malice but did act in good faith; therefore, the Plaintiff is not entitled to damages.

17. Answering Defendants assert that the actions taken by them were subject to qualified immunity.

18. Answering Defendants assert that the actions taken by them were subject to immunity or partial immunity or authorized by law.

19.     Answering Defendants assert that the Plaintiff have failed to plead any constitutional violations with such specificity as to state a cognizable claim under Title 42 U.S.C. § 1983.

20.     Any damage alleged to have been suffered by the Plaintiff is not causally related to any act or omission alleged to be chargeable to Answering Defendants.

21.     Answering Defendants did not act in any conspiracy against the Plaintiff.

22.     The civil rights of the Plaintiff were not violated.

23.     At all times Answering Defendants acted in good faith and, accordingly, are immune from any liability to the Plaintiff.

24.     Answering Defendants were acting in accord with clearly established standards and, accordingly, are not liable to the Plaintiff.

25.     Answering Defendants, and all defendants acting in their official capacity, are immune from punitive damages under the Civil Rights Act (42 U.S.C. § 1983) and the New Jersey Tort Claims Act (N.J.S.A. 59:1-1, *et seq*.).

26.     Answering Defendants state that they are not guilty of the negligence complained of.

27.     Any claim against Answering Defendants is barred or diminished by the negligence of the Plaintiff.

28.     There is a lack of jurisdiction over the persons of Answering Defendants by reason of insufficiency of process and insufficiency of service of process.

29.     Plaintiff's Complaint is barred by the notice requirements of the New Jersey Tort Claims Act.

30. Answering Defendants reserve the right to amend this Answer to assert additional affirmative defenses as revealed or suggested by the completion of investigation and discovery.

## COUNTERCLAIM FOR ATTORNEY FEES

1. The allegations contained in Plaintiff's Complaint are frivolous, groundless, and without merit as to Answering Defendants, jointly, severally, and in the alternative.

2. Title 42 of the United States Code § 1988 provides for the allowance of reasonable attorney fees to the prevailing party in an action or proceeding arising out an alleged violation of Sections 1981, 1982, 1983, 1985, and 1986 of Title 42 of the United States Code.

## REQUEST FOR SPECIFICITY OF DAMAGES

Answering Defendants hereby demand that Plaintiff provide a written statement specifying the amount of damages claimed against each named Defendant in this action.

## JURY DEMAND

Answering Defendants hereby demand a trial by jury.

## DESIGNATION OF TRIAL COUNSEL

Tracy L. Riley, Esquire, of the Law Offices of Riley & Riley, is hereby designated as trial counsel on behalf of Answering Defendants in this action.

                LAW OFFICES OF RILEY & RILEY

                By: */s/ Tracy L. Riley*
                    Tracy L. Riley, Esquire
                    Attorney for Defendants

Dated: May 30, 2012